UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB P. CAYER,

    Plaintiff,

v.                                                        Case No. 22-cv-0818-bhl

ELLIOT R. LEE and
MENDOTA MENTAL HEALTH INSTITUTE,

    Defendants.

## SCREENING ORDER

Plaintiff Jacob Cayer, who is currently confined at the Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Cayer's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Cayer has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Cayer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.45. Cayer's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Cayer asserts that from 2016 to 2022 Defendants defamed his character and slandered him. He also states they recklessly endangered his safety. Cayer provides no factual allegations; he merely states "this is best explained in person—if asked." Dkt. No. 1 at 1-2.

## THE COURT'S ANALYSIS

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff must provide enough factual content for the Court to reasonably infer that a defendant did what a plaintiff concludes he did. Cayer's assertions that Defendants defamed his character, slandered him, and recklessly endangered his safety are legal conclusions and are insufficient on their own to state a claim. Cayer offers no description of what Defendants did or did not do, so the Court cannot reasonably infer that they violated his rights as Cayer concludes. Cayer states that he can provide these details "in person," but that is not an option. He must set forth the factual allegations supporting his proposed claims in writing in his complaint so the Defendants have fair notice of why Cayer is suing them.

If Cayer wants to proceed with this lawsuit, he will need to file an amended complaint by **September 30, 2022**. Cayer should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) what relief he wants the Court to provide. Cayer should set forth his allegations in short and plain statements; he does not need to include every detail, but he should include enough details

3

to give the Defendants notice of the basis for his claims. Cayer should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

The amended complaint will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Cayer's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Cayer's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 30, 2022**, Cayer shall file an amended complaint consistent with the instructions in this decision. If Cayer does not file an amended complaint by the deadline or does not explain in writing *before* the deadline why he is unable to do so, the Court will dismiss this action based on Cayer's failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Cayer a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order. Cayer must use the Court's amended complaint form. *See* Civil L. R. 9(b).

**IT IS FURTHER ORDERED** that the agency having custody of Cayer shall collect from his institution trust account the $344.55 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be

clearly identified by the case name and number assigned to this action. If Cayer is transferred to another institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Cayer is located.

**IT IS FURTHER ORDERED** that Cayer submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cayer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge