UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB P. CAYER,

    Plaintiff,

v.                                                   Case No. 22-cv-0818-bhl

ELLIOT R. LEE and
MENDOTA MENTAL HEALTH INSTITUTE,

    Defendants.

## SCREENING ORDER

Plaintiff Jacob Cayer, who is currently confined at the Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 1, 2022, the Court screened Cayer's complaint and gave him an opportunity to file an amended complaint, which he did on September 26, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

Under Fed. R. Civ. P. 8(a)(2), a complaint must provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. Although Rule 8 does not require detailed factual allegations, it demands more than a the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, while the Court must accept the complaint's allegations as true, that requirement does not apply to legal conclusions. *Id.*

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Cayer, Defendant Elliot R. Lee perjured himself on November 17, 2021, when he falsely testified that Cayer posed a danger to Mendota, insighted a riot, and that Cayer's perspective is delusional and/or untruthful. Cayer explains that as a result of Lee's reports, Mendota staff treat him poorly before they even get to know him. Dkt. No. 9 at 2.

Cayer also sues Mendota based on the conditions of his confinement from 2016 to the present. He asserts that his outgoing mail has been intercepted and opened, his legal calls have been prevented, he has been assaulted, his account funds have been mismanaged, his property has been stolen, he has been verbally degraded, he has had to endure psychological warfare, and he has been falsely accused of misconduct. Cayer explains that there "is just way to[o] much stuff to put on to paper . . . ." Dkt. No. 9 at 2-3.

## THE COURT'S ANALYSIS

Cayer fails to state a claim against Lee based on allegations that Lee lied when he testified about Cayer's conduct and behavior. Cayer does not explain the nature of the proceeding at which Lee testified, but the Supreme Court has explained that "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). This is because without absolute immunity for witnesses, "the truth-seeking process at

2

trial would be impaired." *Id.* Accordingly, Lee is absolutely immune from claims based on his trial testimony.

Cayer also fails to state a claim based on allegations that Lee mischaracterized Cayer's behavior at Mendota in his reports. Cayer provides no details about the content of the reports or how other providers have treated him differently as a result of the reports, and the Court will not speculate on those points. Moreover, while Cayer may disagree with Lee's assessment, a "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citations omitted).

The remainder of Cayer's amended complaint suffers from several additional deficiencies. First, the only other Defendant Cayer names is Mendota Mental Health Institute, which is a Wisconsin state agency. A suit against a state agency is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). And since "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Mendota cannot be sued.

Next, a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Cayer alleges numerous examples of wrongdoing, but in most cases he fails to identify who was responsible for the alleged misconduct. And, to the extent he identifies a particular person, he concludes he was harmed without providing sufficient factual content from which the Court can reasonably infer that the person did what Cayer alleges he did. For example, Cayer asserts that Tenzen and Randy gave him a black eye, but that's all he alleges—he includes

3

no details about the circumstances which led to his injury, including when it happened or how it happened. Thus, Cayer's amended complaint falls short because, although Rule 8 does not require a plaintiff to plead every relevant detail, it does require sufficient factual content to raise a claim above the speculative level.

Finally, those issues aside, Cayer improperly attempts to bring a series of unrelated claims in a single lawsuit. Under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. The court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The facts and legal issues relevant to Cayer's purported claims against Lee would not overlap with the facts and legal issues relevant to the many other claims Cayer seeks to bring regarding the conditions of his confinement. Accordingly, to the extent Cayer wants to pursue those claims, he must do so in separate cases. The Court reminds Cayer that he will be required

4

to pay the filing fee for every case he files, and the Court will screen every complaint, as required by 28 U.S.C. §1915A. If Cayer chooses to initiate a new case with related claims, he should closely review this decision to ensure he satisfies the pleading requirements.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because Lee is absolutely immune from suit and Cayer otherwise fails to state a claim against him and because Mendota Mental Health Institute cannot be sued under §1983.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 4, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.